# EXHIBIT A


RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/4/2022 2:47 PM
Brian K. Hart -Clerk of Court



# In The State Court of Chatham County

MAILING ADDRESS: P.O. BOX 9927, SAVANNAH, GEORGIA 31412

133 Montgomery Street, Suite 501

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

---

CAROLYN ENZOR, as Next Friend of
K▇▇▇ E▇▇▇ and K▇▇▇▇ E▇▇▇▇,

**Plaintiff**

Vs

THE KROGER CO.,

**Defendant**

STCV22-00211

**Case Number**

**Address of Defendant**
C/O REGISTERED AGENT CSC OF COBB COUNTY, INC.
192 ANDERSON STREET, SE, SUITE 175
MARIETTA, GEORGIA 30060

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: THE KROGER CO.

Defendant's Address C/O REGISTERED AGENT CSC OF COBB COUNTY, INC, 195 ANDERSON STREET, SE, SUITE 175, ATLANTA, GEORGIA 30060

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

MANLY SHIPLEY, LLP
POST OFFICE BOX 10840
SAVANNAH, GEORGIA 31412

Type text here

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____

Brian K. Hart
**CLERK OF COURT**
*State Court of Chatham County*

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk

[PRINT]

27. Summons 09-05

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CAROLYN ENZOR, as Next Friend of K▮ E▮ and K▮ E▮, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. STCV22-00211 _____ |
| THE KROGER CO., | ) ) |
| Defendant. | ) ) |

**COMPLAINT**

COMES NOW Plaintiff in the above-styled action and hereby files this Complaint showing the Honorable Court as follows:

1.

Plaintiff is the next friend of two minor children, K▮ E▮ and K▮ E▮. K▮ E▮ and K▮ E▮ are the children of Ka'la Enzor. ("Decedent"). Pursuant to O.C.G.A. § 9-11-17, Plaintiff is the proper party to bring this action.

2.

Defendant The Kroger Co. (hereinafter referred to as "Defendant") is an Ohio corporation authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant The Kroger Co. by serving its registered agent: CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, Georgia 30060.

3.

Jurisdiction and venue are proper as to Defendant.

4.

At all times herein, Defendant owned, operated, controlled, and/or managed the Kroger

grocery store and its premises and approaches located at 5720 Ogeechee Road, Savannah, Georgia 31405.

5.

On or about April 27, 2021, Decedent was an invitee of Defendant at the Kroger grocery store located at 5720 Ogeechee Road, Savannah, Georgia 31405.

6.

On or about April 27, 2021, while on Defendant's premises to purchase merchandise, Decedent was the victim of a kidnapping, forcible rape, and aggravated assault while in the women's bathroom located at the Kroger at issue. Decedent suffered severe and permanent injuries, and ultimately died as a result of the trauma.

7.

Decedent exercised ordinary care and diligence at all times herein and under the circumstances then existing.

8.

Defendant breached its duty owed to Decedent by failing to exercise ordinary care to keep its premises safe.

9.

Prior to and on April 27, 2021, the subject premises were negligently maintained, inspected, secured, patrolled, and managed. Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage said premises, but failed to exercise ordinary care.

10.

Defendant had actual and constructive knowledge of criminal activity existing on its

2

premises and in the surrounding area prior to the attack on Decedent. Said prior criminal activity was negligently permitted to exist and remain at said premises.

11.

Defendant had actual and constructive knowledge of criminal activity at the subject premises and in the surrounding area prior to the attack on Decedent, but negligently failed to warn Decedent.

12.

Defendant negligently failed to warn its invitees, including Decedent, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

13.

Defendant negligently failed to patrol, inspect, and secure the bathrooms located on the premises.

14.

Defendant negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Decedent.

15.

Defendant negligently permitted and allowed criminals to loiter on the premises, thereby causing an unreasonable risk of injury to its invitees, including Decedent.

16.

Defendant negligently failed to inspect, patrol, and protect the bathrooms located on its premises.

17.

At all times mentioned herein, Defendant controlled the management of the property, and

3

had the legal duty to keep the premises in a state consistent with the due regard of the safety of its invitees, including Decedent. Defendants breached said duties to Decedent, and failed to act as similarly situated businesses would in like circumstances.

18.

Defendant was negligent in failing to maintain, inspect, secure, patrol, and manage the premises at issue, thereby creating an unreasonable risk of injury to its invitees, including Decedent.

19.

Defendant knew of or with the exercise of due care for the safety of its invitees should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in the injuries suffered by the Decedent.

20.

Defendant was and is negligent *per se*.

21.

Defendant failed to provide adequate and proper security measures in the bathroom where Decedent was attacked.

22.

Defendant was negligent and said negligence proximately caused Decedent injuries and damages the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises;

4

c) In failing to warn of the latent dangers on the premises;

d) In failing to properly train and supervise its employees in regard to the maintenance and safety of said premises;

e) In failing in properly retaining, entrusting, hiring, training, and supervising said employees;

f) In failing to ensure business policies, systems, and security were being adequately followed and implemented;

g) In failing to take action to remove individuals who were loitering in the bathroom of the Kroger grocery store; and

h) In failing to inspect, patrol, or appropriately monitor its bathrooms.

23.

Defendant had actual and constructive knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents. Defendant knew or should have known that this store and similarly situated stores in the same area were in a high crime area with a foreseeable risk of harm to their customers who visited and entered the stores, and due to the prior criminal activity and dangers associated with the property and surrounding areas.

24.

Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the subject property.

25.

Defendant is liable for the assault, kidnapping, and rape of Decedent. Said assault,

kidnapping, and rape of Decedent were done without necessity, privilege, or consent.

26.

Because Defendant had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendant is liable for the negligent supervision, hiring, training, and retention of its employees and the entrustment of said property to its agents and employees. Said negligence was the proximate cause of the damages and injuries to Decedent.

27.

Defendant negligently represented to its invitees that the property at issue was properly maintained and that the premises were safe.

28.

Defendant negligently failed to provide adequate security protection and/or adequate security personnel on its property.

29.

Defendant negligently failed to act on its knowledge of prior crimes, and failed to act to deter, correct, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

30.

Defendant failed to take appropriate action to remedy or reduce the danger to its invitees, including Decedent, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

31.

Defendant's negligence was a cause in fact and proximate cause of Decedent's injuries.

32.

Defendant is liable for Decedent's injuries sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia. Defendant is liable to Plaintiff directly, as well as under theories of respondeat superior and agency principles.

33.

As a proximate and foreseeable result of the negligence of Defendant, Decedent received serious injuries, endured pain and suffering, mental anguish, died, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Lost wages;

d) Medical expenses;

e) Disability;

f) Disfigurement;

g) Mental anguish;

h) Lost ability to labor;

i) Lost of the capacity for the enjoyment of life;

j) Incidental expenses;

k) Permanent injuries;

l) Wrongful death; and

m) Consequential damages to be proven at trial.

7

34.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendant and its employees were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant in accordance with the enlightened conscience of an impartial jury.

35.

Because Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

36.

That each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendant and one or more or all above stated acts were the proximate cause of the injuries sustained by Decedent. Defendant is liable for Decedent's injuries sustained, pain and suffering, the expenses of treatment, wrongful death, and all other elements of damages allowed under the laws of the State of Georgia, including all special, compensatory, incidental, consequential, economic, and punitive damages.

WHEREFORE, Plaintiff respectfully prays that:

1) Process be issued provided by law;

2) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendant;

3) Plaintiff be awarded all general, special, compensatory, economic, punitive, and other allowing damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Georgia law;

4) Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of a jury;

5) Plaintiff have a trial by jury; and

6) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRAIL BY JURY IS HEREBY DEMANDED.

This 4th day of February, 2022.

**MANLY SHIPLEY, LLP**

/s/ John B. Manly
JOHN B. MANLY
Georgia Bar No. 194011
JAMES E. SHIPLEY, JR.
Georgia Bar No. 116508
*Attorneys for Plaintiff*

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com
jim@manlyshipley.com

**ANDREWS & SANDERS**

/s/ Richard Sanders
RICHARD A. SANDERS, JR.
Georgia Bar No. 119508
*Attorney for Plaintiff*

327 West York Street
Savannah, Georgia 31401
T: (912) 341-6861
F: (912) 236-3020
richard@andrews-sanders.com

9