# EXHIBIT I

**<u>Taylor v. The Kroger Co., et al.</u>**
**Excerpts of the Deposition of Karim Vellani**
**Pages: 48 & 64**

Karim Vellani     Volume 1     July 12, 2018

1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

LAQUAN TREMELL TAYLOR          )
                               )
                               ) CIVIL ACTION FILE
VS.                            )
                               ) NO. 15A57407E3
THE KROGER CO., WESTERN        )
UNION FINANCIAL SERVICES,      )
INC., AND NORRED &             )
ASSOCIATES, INC.               )

*********************************************************

ORAL DEPOSITION OF

KARIM VELLANI

JULY 12, 2018

*********************************************************

ORAL DEPOSITION OF KARIM VELLANI, produced as a

witness at the instance of the PLAINTIFF, and duly

sworn, was taken in the above-styled and numbered

cause on the 12th of July, 2018, from 9:12 a.m. to

2:31 p.m., before Tamara Vinson, CSR in and for the

State of Texas, reported by machine shorthand, at the

offices of Regus - Texas, Sugar Land - Town Square,

2245 Texas Drive, Suite 300, Sugar Land, Texas, 77479,

pursuant to Section 26 and 30 of the Georgia Civil

Practice Act, O.C.G.A. 9-11-26 and 9-11-30 and the

provisions stated on the record or attached hereto.

Karim Vellani     Volume 1     July 12, 2018

1      A.    I didn't write this.  I reviewed it, but I

2   didn't put -- I didn't write it.

3      Q.    Did you approve it when the lawyers filed it

4   on your behalf?

5      A.    Yes.

6      Q.    Does it adequately contain your only opinion

7   in this case, that Kroger allegedly met the standard

8   of care for a commercial retail property owner when it

9   comes to the provision of security?

10     A.    So I believe that all three of those are

11  contained within that sentence, yes.

12     Q.    So you only have one opinion, that Kroger met

13  the standard of care for commercial retail property

14  owner when it comes to provision of security and the

15  other two are sub-elements of it?

16     A.    Correct.

17     Q.    So when you just gave me your three opinions,

18  really it's just the opinion was the middle one as we

19  talked and then the other two you told me were

20  sub-elements of it?

21     A.    If you want to characterize it that way

22  that's fine.  I'm saying that they're -- I'm saying

23  that all three of those opinions as I said them are

24  contained within that first sentence.

25     Q.    Well, you're required to file a formal Rule

64

```
1   and there is going to be -- it's going to be long so
2   just bear with me.
3          So from the beginning I follow the IAPSC
4   forensic methodology.  That methodology calls for an
5   assessment of threats at the property, a site review
6   of the site still exists and a vulnerability
7   assessment of the facts as it relates to this -- to
8   this particular case, which means that I was not
9   looking at the safe inside the store.  I was looking
10  at the issues in the parking lot where the incident
11  occurred.
12         Secondarily, the opinions that I have formed
13  are based on science, specifically criminology, which
14  says that lighting is a mixed bag of results.
15  Those -- of all the security measures available in the
16  parking lot, lighting had the best chance of
17  preventing the crime.
18         Secondly, the cameras that were installed are
19  not designed, and the science shows that crime --
20  violent crime is not prevented by way of video
21  surveillance.  And you can find that data at
22  crimesolutions.gov if I have not already provided it
23  to you.
24         No. 3, I have given you a summary of the nine
25  studies, and that was provided previously, that the
```