```
IN THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | |
|---|---|
| CAROLYN ENZOR, as Next Friend * <br> of K.E. and K.E. minors, and * <br> JULIANNE GLISSON, as * <br> Administrator of the Estate of * <br> KA'LA ENZOR, * <br> * <br> Plaintiffs, * <br> * <br> v. * <br> * <br> THE KROGER CO, * <br> * <br> Defendant. * | CV 422-083 |

**O R D E R**

Before the Court is Plaintiffs' Verified Petition to Approve Settlement and Joint Motion to Seal. (Doc. 61.) Because Plaintiffs K.E. and K.E. are minors, the Court must approve the settlement agreement and payment of counsel fees and other expenses out of the settlement fund. L.R. 17.1, SDGa. For the following reasons, Plaintiffs' motion is **GRANTED** as to their request to seal and **GRANTED** as to their request to approve the settlement agreement.

**I. DISCUSSION**

Plaintiffs request the Court approve the settlement between Plaintiffs and Defendant, approve the Attorney-Client contracts, approve the disbursement of settlement funds as specified in the

Settlement Statement, and permanently seal Exhibits E and F to the motion. (Doc. 61, at 6.).

Plaintiffs move to seal these documents because: (1) "There is an inherent expectation of privacy about the terms and conditions of settlements reached between private parties to civil lawsuits"; (2) "[A]s an express condition of the settlement, the parties agreed that the amount of the settlement will remain confidential from disclosure"; and (3) "[T]he harm to the privacy rights of the minors clearly and unequivocally outweighs any perceived public interest." (Id. at 4.)

**A. Expectation of Privacy**

As to Plaintiffs' first argument, it is true that, generally, settlement agreements are private. "[W]hen, as here, a settlement must be approved by a court, the settlement becomes part of the judicial record." Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011) (citation omitted); Keemar v. Avco Corp., No. 6:06-cv-448-Orl-22DAB, 2007 WL 2696571, at *2 (M.D. Fla. Sept. 11, 2007) ("By filing the suit, the matter became this Court's business, and this Court conducts business public[ly]. Having chosen to pursue a claim in a public court, [p]laintiff must take the burdens of such forum, as well as its benefits."). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential

2

component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations and quotation marks omitted). "This right includes the right to inspect and copy public records and documents." Id. (citation and quotation marks omitted).

A party can overcome the common-law right of access by a showing of good cause. Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1363 (11th Cir. 2021). A good cause showing requires "balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (citation omitted and alteration adopted).

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. (citation omitted).

Plaintiffs argue the interests of the Parties are served by preserving their privacy regarding the terms and conditions of the settlement. (Doc. 61, at 4.) However, they put forth no specific arguments for the Court to conclude their privacy rights are more

important than public access to records. As such, this argument is not sufficient to show good cause.

**B. Confidentiality Agreement**

Plaintiffs' second argument is likewise unconvincing. Neither the confidential release nor the fact the Parties agreed Exhibit E and F should be sealed is a compelling reason to grant the motion. See Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement agreement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); Eigenberer v. Tokyo Statesboro GA, LLC, No. CV617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he Court needs far more than the parties' agreement that the settlement agreement should be sealed."); see also Jackson v. Deen, No. CV 412-139, 2013 WL 1911455, at *1 n.6 (S.D. Ga. May 8, 2013) ("The consent of the parties [alone] is not a valid basis to justify sealing, as the rights involved are the rights of the public.").

Plaintiffs failed to justify sealing Exhibits E and F, beyond arguing that the Parties agreed for the settlement to be confidential, and that is an insufficient basis for the Court to give up the public's access to the documents.

## C. Minor Plaintiffs' Privacy Interests

Finally, Plaintiffs' third argument is the only reason appropriately raised for sealing Exhibits E and F. The "presumption that criminal and civil actions should be conducted publicly" "is instrumental in securing the integrity of the process." Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). The presumption, however, as outlined above, may be overcome by a showing of good cause. Romero, 480 F.3d at 1246 (citation omitted).

For cases involving the privacy of children, the interest in secrecy is compelling. Eigenberger, 2018 WL 2065942, at *2; see also Clark v. Bamberger, No. 1:12CV1122, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016) ("Protecting the privacy of minors is undoubtedly an important concern."). To weigh in favor of keeping information about minors sealed, the information generally must be more than the amount of money received in a settlement. See Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n.4 (11th Cir. 1985) (per curiam). For example, a minor's privacy interest is more compelling when the documents would "expose confidential educational, medical, or mental-health information." Clark, 2016 WL 1183180, at *3. Is it also relevant that Federal Rule of Civil Procedure 5.2 offers minors in federal court a barrier of protection by requiring use of minors' initials in all public documents. "Going beyond this level of protection, courts have

sealed proceedings and documents, including settlements, in litigation that exposes sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." Clark, 2016 WL 1183180, at *2.

Plaintiffs argue the minor children's privacy interests are compelling because the facts underlying the case garnered significant press, and the use of their initials does not protect them from disclosure. (Doc. 61, at 4-5.) They argue the minors' identities were not properly protected in the State Court filings, so it would be easy to decipher their identity. (Id. at 5.)

The Court finds exposure of the minor children's names through the State Court action is sufficient to show good cause here. The minors' privacy interests are more compelling due to the potential exposure of their names. Based on these findings, Plaintiffs' motion is **GRANTED** as to their request to seal Exhibits E and F.

### D. Settlement Agreement and Payment of Fees and Expenses

Furthermore, the Court considers the settlement agreement and **ORDERS AS FOLLOWS**:

1. The agreement is fair, reasonable, and just under the circumstances and, consequently, is **APPROVED**.

2. Plaintiffs CAROLYN ENZOR and JULIANNE GLISSON are **HEREBY** authorized to compromise and terminate the claims of the minor children against Defendant in the civil action referenced above and execute the Confidential Release in full of all claims.

3. Counsel is **HEREBY** authorized to make the disbursements provided by the terms and conditions of the Settlement Statement.

Having approved the agreement, the Court considers the Attorney-Client Contracts. Upon due consideration, the Court **APPROVES** attorneys' fees and expenses as set forth in the Settlement Statement and outlined in the Attorney-Client Contracts.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **GRANTED** as to their request to seal Exhibits E and F and **GRANTED** as to their request to approve the settlement agreement. (Doc. 61.) Since the settlement resolves all pending claims between Plaintiffs and Defendant, the Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of March, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7